**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Steven Abercrombie** | ) | **CASE NO. 1:14 CV 2708** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Jason Bunting, Warden** | ) | |
| | ) | |
| **Respondent.** | ) | |

### INTRODUCTION

*Pro se* Petitioner Steven Abercrombie[1] filed the above-captioned Petition for a Writ of

Habeas Corpus under 28 U.S.C. § 2254.  Petitioner is incarcerated in the Marion Correctional

Institution, serving a seven to twenty-five year sentence for aggravated robbery.  In his Petition,

he asserts that the State of Ohio lacks subject matter jurisdiction to continue to incarcerate him.

He seeks release to the State of Michigan to serve his sentence as a parole violator.  For the

reasons set forth below, the Petition is denied and this action is dismissed.

### BACKGROUND

Petitioner was involved in a robbery spree in 1994 that spanned Ohio and Michigan.  He

---

[1]    In the case caption, Petitioner lists his name as Steven Abercromble; however, he signed
the Petition as Steven Abercrombie, and he is identified in the state court opinions, and Ohio Parole
Board decisions as Abercrombie.

was arrested in Michigan, tried and convicted of robbery, and sentenced to fifteen to forty-five years in prison.  Petitioner was then extradited to Cuyahoga County, Ohio where he pled guilty in 1994 to two counts of aggravated robbery.  The Ohio court imposed a prison term of seven to twenty-five years on each count, to be served concurrent with each other and concurrent with his sentence in Michigan.  Petitioner was then returned to Michigan to begin to serve his sentence.

In 2006, Petitioner was paroled in Michigan and returned to Ohio on a detainer to serve his Cuyahoga County sentence.  He was paroled in Ohio in 2007.  Petitioner was arrested in March 2008 and charged with aggravated robbery.  He was sentenced to five years incarceration on that sentence.  In addition, his Ohio parole was revoked in April 2008, and he was recommitted to prison in Ohio to serve the remainder of his 1994 sentence.

Petitioner's 2008 sentence from his Summit County conviction expired in March 2013. He, however, was denied parole release by the Ohio Parole Authority in March 2013.  His next hearing was scheduled for March 2015, where it was continued to the expiration of his maximum sentence on October 27, 2019.

Michigan placed a detainer on Petitioner.  Upon his release from prison in Ohio, he will be returned to Michigan to face parole revocation proceedings in that state.

Petitioner contends he should have been released to Michigan in March 2013 when he completed his sentence imposed from Summit County.  He asserts that because his Ohio sentence was ordered to be served concurrent with his Michigan sentence, Ohio relinquished any claim on him with regard to that sentence.  He filed a Petition for a Writ of Habeas Corpus in the Ohio Third District Court of Appeals asserting this argument.  The Court of Appeals

-2-

denied the Petition on December 4, 2014.

Petitioner appealed that decision to the Supreme Court of Ohio on January 1, 2014. *See State ex rel. Abercrombie v. Cuyahoga Cty Court of Common Pleas*, 141 Ohio St. 3d 64 (2014). He argued that once the trial court ordered his Ohio sentence to be served concurrent to his Michigan sentence, the Ohio courts lost subject matter jurisdiction over him to carry out his sentence. The Supreme Court accepted jurisdiction over the case and issued an opinion on October 30, 2014 affirming the decision of the Court of Appeals. Specifically, the Ohio Supreme Court stated:

> Abercrombie is incorrect in arguing that because he was
> transferred to Michigan on a detainer to serve his sentence there,
> Ohio lost jurisdiction over him. As the Court of Appeals held, he
> has yet to serve his maximum Ohio term, which will expire in
> 2019.

*State ex rel. Abercrombie v. Cuyahoga Cty Court of Common Pleas*, 141 Ohio St. 3d 64 (2014).

## HABEAS PETITION

Petitioner then filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 on December 11, 2014. He asserts one ground for relief:

> Respondent does not have subject matter jurisdiction to
> incarcerate the petitioner within the state of Ohio/Marion
> Correctional Inst. Petitioner['s] incarceration is in violation of the
> Petitioner['s] constitutional rights Amendment 14.

(Pet. ECF No. 1 at 6). He states that when he violated a condition of his parole, Ohio should have notified the State of Michigan Parole Authority of his violation and returned him to Michigan to adjudicate the parole violation. He asserts that the State of Ohio's refusal to immediately transfer him to Michigan converts his concurrent sentence to a consecutive sentence.

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States.  *Williams v. Taylor*, 529 U.S. 362, 405

(2000).  In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect.  *Id.* at 409.  Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error."  *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).  In other words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary.  *Id.*  "This standard requires the federal courts to give considerable deference to state-court decisions." *Forensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007).  The AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### **DISCUSSION**

Petitioner's claim is based solely on his disagreement with Ohio's interpretation of its sentencing laws.  He does not challenge the validity of his 1994 Ohio conviction or sentence. He contends only that because the sentence was ordered to be served concurrent with the sentence imposed in Michigan, Ohio relinquished jurisdiction over him for that conviction. Therefore, when he completed his new robbery sentence from Summit County, the State of Ohio was required to turn him over to Michigan for a parole violation hearing and could not require him to serve the remainder of his Ohio sentence in an Ohio prison.

The State of Ohio has a different interpretation of the nature of concurrent sentences. Under Ohio law, "[t]he fact that sentences run concurrently merely means that the prisoner is

-5-

given the privilege of serving each day a portion of each sentence.  However, if the sentences which are to run concurrently are different lengths, the prisoner cannot be discharged until he has served the longest sentence."  *Bobo v. Dept. of Rehab. & Corr.*, No. 11AP–118,  2011 WL 4489113, at *3 (Ohio App.10 Dist. Sept. 29, 2011).  In other words, Petitioner is given credit towards his Ohio sentence for each day he served in a Michigan prison, but his Ohio sentence is still a valid and separate sentence which must be served, in an Ohio or Michigan prison, until the maximum sentence has been completed or until the State of Ohio considers it to be discharged.  The State of Ohio does not agree that it relinquished jurisdiction over Petitioner to the State of Michigan nor does it interpret concurrent sentences as merging the two sentences together into one sentence to be administered only by the State of Michigan.

Claims which are based on alleged errors in a state court's interpretation of its own laws or procedures are not cognizable on federal habeas corpus review.  *Simpson v. Jones*, 238 F.3d 399, 406-07 (6th Cir. 2000); *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).  A federal court may grant habeas relief only on the grounds that the Petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A federal court must defer to a state court's interpretation of its own laws and cannot grant habeas relief on that basis "unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process." *Cristini v. McKee*, 526 F.3d 388, 897 (6th Cir. 2008).  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.  *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995).  Petitioner's actual innocence of the underlying crimes is not implicated here.  Moreover, a due process violation may occur through an arbitrary denial of a state-created right for which there is no

state remedy; however, this exception is also inapplicable here.  *See Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir.1996).  A "mere error of state law" is not a denial of due process, and Petitioner had a remedy under state law in the form of his state habeas petitions.  *Engle v. Isaac*, 456 U.S. 107, 121 n. 21 (1982) (citing *Gryger v. Burke*, 334 U.S. 728, 731 (1948)). Petitioner's claim, when pared down to its core, rests solely upon his disagreement with the State's interpretation of its case law and statutes concerning the meaning of concurrent sentences.  His claim is not cognizable on federal habeas review.  *Van Buskirk v. Warden, Lebanon Correctional Inst.*, No. 3:12 CV 2275, 2014 WL 861207, at *10-11  (N.D. Ohio Mar. 4, 2014).

**CONCLUSION**

For all the foregoing reasons, the Petition (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/26/15