**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Steven Abercrombie** ) | **CASE NO. 1:14 CV 2708** |
| ) | |
| **Petitioner,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Order** |
| **Jason Bunting, Warden** ) | |
| ) | |
| **Respondent.** ) | |

Before the Court is *pro se* Petitioner Steven Abercrombie's "Motion for Relief from the Trial Court Judgment/Order filed May 26, 2015 Civ. R. 60(B)(5)." (ECF No. 5). He filed a Motion to Supplement his Motion to add a request for relief under Rule 59(e) as well. (ECF No. 6). Petitioner contends his Petition had merit and should not have been dismissed. He asks this Court to re-open his case and place it back on the Court's active docket. For the reasons explained below, the Rule 59(e) and Rule 60(b) Motions are denied.

Petitioner filed the Petition for a Writ of Habeas Corpus in this case to challenge his continued incarceration in an Ohio prison. In 1994, he committed robberies in Ohio and Michigan. He was arrested first in Michigan, where he was tried, convicted, and sentenced to fifteen to forty-five years in prison. He was then extradited to Ohio where he was convicted and sentenced to seven to twenty-five years in prison, to be served concurrent with his Michigan sentence.

Petitioner was paroled in Michigan in 2006 and returned to Ohio on a detainer to serve his Ohio sentence. He was paroled in Ohio in 2007, but was arrested in March 2008 and charged with aggravated robbery in Summit County, Ohio. He was sentenced to five years incarceration on that conviction. In addition, his Ohio parole was revoked in April 2008, and he was recommitted to prison in Ohio to serve the remainder of his 1994 sentence. The Ohio Parole Authority denied his release on parole in 2013 and told him he will remain incarcerated in Ohio until he serves the maximum range of his indefinite sentence on his 1994 conviction.

Petitioner claimed in his habeas petition that Ohio no longer had jurisdiction over him and could not require him to serve the remainder of his 1994 Ohio sentence. He asserts that under Ohio Revised Code § 2929.41, Ohio relinquished any claim on him with regard to his sentence when it ordered it to be served concurrent to his Michigan sentence. This claim is based on an asserted misapplication of state law, which is not cognizable on federal habeas corpus review. *Simpson v. Jones*, 238 F.3d 399, 406-07 (6th Cir. 2000); *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). This Court denied the Writ and dismissed the case on May 26, 2015.

Petitioner has now filed a Motion for Relief from Judgment under Federal Civil Procedure Rule 60(b)(5), allowing relief from judgment when the judgment has been satisfied, released, or discharged. He states that under Ohio Revised Code § 2929.41, when the Ohio court ordered his sentence to be served concurrent to his Michigan sentence, the two sentences merged and only his Michigan sentence remains. He argues that his Ohio sentence no longer exists. He, therefore, contends his continued incarceration on his Ohio sentence denies him due process.

-2-

The judgment to which he is referring as satisfied, released, or discharged under Rule 60(b)(5) is his 1994 state court conviction, not this Court's judgment. In order to grant his Motion, this Court would have to find that the State of Ohio incorrectly interpreted its law on concurrent sentences. This is the very claim that the Court already determined was based on alleged errors in a state court's interpretation of its own laws which is not cognizable in a federal habeas corpus action. *Simpson*, 238 F.3d at 406-07; *Allen*, 845 F.2d at 614. Petitioner is merely reasserting the claim he asserted in his Petition. He has not set forth a basis for relief from judgment under Rule 60(b).

Petitioner also requests relief under Rule 59(e). These Motions must be filed no later than 28 days after entry of the judgment. This case was dismissed on May 26, 2015. Petitioner filed his Supplement containing his Motion to Alter or Amend Judgment under Rule 59(e) on September 2, 2015. His Rule 59(e) Motion is untimely.

Furthermore, Rule 59(e) Motions are generally granted when one of the following circumstances arises: (1) there is an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) the court's order contained a clear error of law. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). A Rule 59(e) motion is not an opportunity to re-argue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." *Id.* In this case, Petitioner has not suggested that any of the circumstances justifying relief under Rule 59(e) is present.

Accordingly, Petitioner's Motion for Relief from Judgment under Rule 60(b) (ECF No. 5) and his Motion to Alter or Amend Judgment under Rule 59(e) (ECF No. 6) are denied. The

Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge

Dated: 9/21/15